IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY HILL, )<br>)<br>and )<br>)<br>SHANTELL FOSTER, )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>DRURY HOTELS COMPANY, LLC, )<br>)<br>    **Serve:** )<br>    **Registered Agent** )<br>    **Illinois Corporation Service Co** )<br>    **801 Adlai Stevenson Drive** )<br>    **Springfield, IL 62703** )<br>)<br>    Defendant. ) | Civil No. 18-2016<br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW Plaintiffs JERRY HILL and SHANTELL FOSTER, by and through counsel, and for their Complaint against Defendant DRURY HOTELS COMPANY, LLC, state to this Court as follows:

## PARTIES

1. Plaintiff JERRY HILL is a United States citizen who at all times relevant herein resided in Jefferson County, Illinois.

2. Plaintiff SHANTELL FOSTER is a United States citizen who at all times relevant herein resided in Jefferson County, Illinois.

1

3.     Defendant DRURY HOTELS COMPANY, LLC  (hereinafter "Drury Hotels" and/or "Defendant") at all times relevant to this actions, was a Nevada Corporation in good standing and is qualified and registered to transact business in the State of Illinois as a foreign corporation and transacts business at 145 North 44th Street, Mount Vernon, Illinois 62864.

## JURISDICTION AND VENUE

4.     JERRY HILL seeks to recover damages under an Act of Congress which provides for the protection of civil rights, namely Title II of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§2000(a) *et seq*, as well as for damages under 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991. This Court has jurisdiction over these matter pursuant to 28 U.S.C. §1331 and §1343(a)(4).

5.     SHANTELL FOSTER seeks to recover damages under an Act of Congress which provides for the protection of civil rights, namely Title II of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§2000(a) *et seq*., as well as for damages under 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991. This Court has jurisdiction over these matter pursuant to 28 U.S.C. §1331 and §1343(a)(4).

6.     Defendant DRURY HOTELS COMPANY, LLC, is located in this district. The claims giving rise to this Complaint occurred within this district. Pursuant to 28 U.S.C. §1391(b) and (c) venue in this Court is proper.

## FACTS

7. Plaintiff JERRY HILL is an African-American male.

8. Plaintiff SHANTELL FOSTER is an African-American female.

9. Defendant offers public accommodations at a hotel in Mount Vernon, Illinois, known as Drury Inn & Suites Mt. Vernon.  On October 28, 2016, Defendants denied Mr. Hill and Ms. Foster the use and enjoyment of the benefits, privileges, terms and conditions that they extend to other similarly situated guests and invitees.  Defendants breached their contract with Plaintiffs and discriminated against them in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

10. Plaintiffs JERRY HILL and SHANTELL FOSTER rented a room with Defendant so that they could throw a birthday party for their young daughter, who loves to swim.

11. Plaintiffs called and made a reservation on the telephone, and explained that there would be a birthday party and that the participants would use the pool.

12. Defendant told Plaintiff FOSTER that the party and use of the pool would be ok.

13. On the day of the party Plaintiffs FOSTER and HILL arrived in the morning with a birthday cake.

14. Plaintiffs were intercepted by a Caucasian female named Heidi.

15. Heidi saw the birthday cake and she told Plaintiffs – contrary to what the Plaintiffs learned via telephone call – that the hotel has a no party policy.  Plaintiffs were surprised since this had not been an issue on the telephone.

16. Another manager came by, Jeff, who is also Caucasian. He told Plaintiffs that the hotel has a no party policy, and that Plaintiffs would need to rent three rooms anyway in order to have the number of children that we were expecting. He told Plaintiffs that there can only be one adult and three children per room.

17. Plaintiffs told Jeff that is fine, Plaintiffs will rent three rooms.

18. Jeff then told Plaintiffs no, that Plaintiffs cannot have the party.

19. At that point in time, Plaintiff were confused by the behavior of the Caucasian managers, and devastated that their party had to be canceled. But Plaintiffs at that point in time did not know that their race, African-American, was the reason for the contradictory denial of services to the Plaintiffs.

20. In December 2016, Plaintiffs FOSTER and HILL rented a room for an evening at Defendant.

21. While Plaintiffs were there, Plaintiffs noticed a group of children having a birthday party in the pool area. The children were Caucasian and non-African-American.

22. Plaintiffs reported the discrepancy to the individual at the front desk and wondered if it was about their race.

23. Another worker for Defendant, who is also African-American, overheard Plaintiffs' report of discrimination and called the Plaintiffs a couple of days later.

24. This employee informed Plaintiffs that Defendant has a policy or de facto policy of not permitting African-American individuals to have birthday or other

4

parties at the pool, but that the managers permit Caucasian individuals to have parties at the pool and common areas.

25. Drury Inn in Mt. Vernon has a discriminatory policy with regard to permitting birthday or other parties in common areas. Caucasian individuals are permitted to host parties at the hotel; African American individuals are not.

## Count I

## DENIAL OF PUBLIC ACCOMMODATION IN VIOLATION OF 42 USC 2000(a) et seq.

COMES NOW Plaintiff SHANTELL FOSTER, by and through counsel, and for her First Cause of Action against Defendant DRURY HOTELS COMPANY, LLC states as follows:

26. Plaintiff FOSTER repeats and re-alleges the facts contained in paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff FOSTER was denied the public accommodation of using the pool and having a party on the basis of her race, African-American.

28. Defendant maintains a discriminatory policy which denied African-American customers the ability to use the pool for parties, but permits Caucasian customers to use the pool for parties.

29. Defendant intentionally refused to honor its contract with Plaintiff to use the public facilities of its building because of Plaintiff's race, African-American.

30. Defendant knew or should have known of the racial denial of services to Plaintiff because it was a policy which continued over and through time on multiple occasions and was conducted by Defendant's agents.

31. As a direct and proximate result of Defendant's conduct alleged herein, Plaintiff has been damaged in she has suffered and continues to suffer emotional distress.

32. Defendant DRURY HOTELS COMPANY, LLC's actions were done wantonly, with malice and reckless indifference and, therefore, warrant an award of punitive damages in order to punish Defendant to serve as an example or warning to others not to engage in such conduct.

WHEREFORE, Plaintiff SHANTELL FOSTER prays that this Court, after trial by jury, find in favor of Plaintiff and against Defendant, and enter judgment for Plaintiff for injunctive relief prohibiting such discrimination, compensatory damages, including damages for emotional distress; for punitive damages; for attorney's fees and costs of litigation; that this Court enjoin defendant from further illegal discriminatory conduct; and that this Court award any and all such other relief as it deems just and proper under the circumstances.

## Count II

## DENIAL OF PUBLIC ACCOMMODATION IN VIOLATION OF 42 USC 2000(a) et seq.

COMES NOW Plaintiff JERRY HILL, by and through counsel, and for his First Cause of Action against Defendant DRURY HOTELS COMPANY, LLC states as follows:

33. Plaintiff JERRY HILL repeats and re-alleges the facts contained in paragraphs 1 through 25 as if fully set forth herein.

34. Plaintiff HILL was denied the public accommodation of using the pool and having a party on the basis of his race, African-American.

35. Defendant maintains a discriminatory policy which denied African-American customers the ability to use the pool for parties, but permits Caucasian customers to use the pool for parties.

36. Defendant intentionally refused to honor its contract with Plaintiff to use the public facilities of its building because of Plaintiff's race, African-American.

37. Defendant knew or should have known of the racial denial of services to Plaintiff because it was a policy which continued over and through time on multiple occasions and was conducted by Defendant's agents.

38. As a direct and proximate result of Defendant's conduct alleged herein, Plaintiff has been damaged in he has suffered and continues to suffer emotional distress.

39. Defendant DRURY HOTELS COMPANY, LLC's actions were done wantonly, with malice and reckless indifference and, therefore, warrant an award of punitive damages in order to punish Defendant to serve as an example or warning to others not to engage in such conduct.

WHEREFORE, Plaintiff JERRY HILL prays that this Court, after trial by jury, find in favor of Plaintiff and against Defendant, and enter judgment for Plaintiff for injunctive relief prohibiting such discrimination, compensatory damages, including damages for emotional distress; for punitive damages; for attorney's fees and costs of litigation; that this Court enjoin defendant from further illegal discriminatory conduct; and that this Court award any and all such other relief as it deems just and proper under the circumstances.

## Count III

## RACE DISCRIMINATION, UNEQUAL TREATMENT AND DENIAL AND/OR INTERFERENCE WITH RIGHT TO CONTRACT IN VIOLATION OF 42 USC 1981

COMES NOW Plaintiff SHANTELL FOSTER, by and through counsel, and for her Second Cause of Action against Defendant DRURY HOTELS COMPANY, LLC states as follows:

40. Plaintiff FOSTER repeats and re-alleges the facts contained in paragraphs 1 through 25 as if fully set forth herein.

41. Plaintiff FOSTER was denied her equal right of renting a room and using the pool and having a party on the basis of his race, African-American.

42. Plaintiff FOSTER was denied the terms of the contract that she had made with Defendant to rent a room and have a party for her daughter at the pool once the Defendant learned Plaintiff's race, African-American.

43. Plaintiff FOSTER's right to contract was interfered with and ultimately denied because of Plaintiff's race, African-American.

44. Defendant maintains a discriminatory policy which denied African-American customers the ability to use the pool for parties, but permits Caucasian customers to use the pool for parties.

45. Defendant intentionally treated Plaintiff unequally because of Plaintiff's race, African-American.

46. Defendant knew or should have known of unequal treatment based on race because it was a policy which continued over and through time on multiple occasions and was conducted by Defendant's agents.

47. As a direct and proximate result of Defendant's conduct alleged herein, Plaintiff has been damaged in she has suffered and continues to suffer emotional distress.

48. Defendant DRURY HOTELS COMPANY, LLC's actions were done wantonly, with malice and reckless indifference and, therefore, warrant an award of punitive damages in order to punish Defendant to serve as an example or warning to others not to engage in such conduct.

WHEREFORE, Plaintiff SHANTELL FOSTER prays that this Court, after trial by jury, find in favor of Plaintiff and against Defendant, and enter judgment for Plaintiff for injunctive relief prohibiting such discrimination, compensatory damages, including damages for emotional distress; for punitive damages; for attorney's fees and costs of litigation; that this Court enjoin defendant from further illegal discriminatory conduct; and that this Court award any and all such other relief as it deems just and proper under the circumstances.

## Count IV

## RACE DISCRIMINATION, UNEQUAL TREATMENT AND DENIAL AND/OR INTERFERENCE WITH RIGHT TO CONTRACT IN VIOLATION OF 42 USC 1981

COMES NOW Plaintiff JERRY HILL, by and through counsel, and for his Second Cause of Action against Defendant DRURY HOTELS COMPANY, LLC states as follows:

49.  Plaintiff JERRY HILL repeats and re-alleges the facts contained in paragraphs 1 through 25 as if fully set forth herein.

50.  Plaintiff HILL was denied his equal right of renting a room and using the pool and having a party on the basis of his race, African-American.

51.  Plaintiff HILL was denied the terms of the contract that he had made with Defendant to rent a room and have a party for his daughter at the pool once the Defendant learned Plaintiff's race, African-American.

52.  Plaintiff HILL's right to contract was interfered with and ultimately denied because of Plaintiff's race, African-American.

53.  Defendant maintains a discriminatory policy which denied African-American customers the ability to use the pool for parties, but permits Caucasian customers to use the pool for parties.

54.  Defendant intentionally treated Plaintiff unequally because of Plaintiff's race, African-American.

55. Defendant knew or should have known of the unequal treatment based on Plaintiff's race because it was a policy which continued over and through time on multiple occasions and was conducted by Defendant's agents.

56. As a direct and proximate result of Defendant's conduct alleged herein, Plaintiff has been damaged in he has suffered and continues to suffer emotional distress.

57. Defendant DRURY HOTELS COMPANY, LLC's actions were done wantonly, with malice and reckless indifference and, therefore, warrant an award of punitive damages in order to punish Defendant to serve as an example or warning to others not to engage in such conduct.

WHEREFORE, Plaintiff JERRY HILL prays that this Court, after trial by jury, find in favor of Plaintiff and against Defendant, and enter judgment for Plaintiff for injunctive relief prohibiting such discrimination, compensatory damages, including damages for emotional distress; for punitive damages; for attorney's fees and costs of litigation; that this Court enjoin defendant from further illegal discriminatory conduct; and that this Court award any and all such other relief as it deems just and proper under the circumstances.

DATED: October 25, 2018                Respectfully submitted,

                                        LAW OFFICES OF DERALD L. GAB, P.C.


/s/ Bret Kleefuss_____
Bret C. Kleefuss, #59175MO
bretcharles@yahoo.com
Law Offices of Derald L. Gab
Attorneys for Plaintiff
1708 Olive Street
St. Louis, MO 63103
Phone: (314) 367-4878
Fax:    (314) 678-3998


**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of this instrument will be delivered to the Defendant's registered agent along with all necessary documents, including Notice of Lawsuit and Waiver of Summons.

/s/Bret Kleefuss_____
Bret Kleefuss